UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| STEPHANIE L. HENRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:12-CV-365 |
| ) | (VARLAN/SHIRLEY) |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This Social Security appeal is before the Court for consideration of the Plaintiff's objections [Doc. 26] to the Report and Recommendation filed by United States Magistrate Judge C. Clifford Shirley [Doc. 25]. The Commissioner has responded to plaintiff's objections [Doc. 27]. Magistrate Judge Shirley found that the Administrative Law Judge (ALJ) properly reviewed and weighed the evidence to determine that Plaintiff is capable of performing a full range of work with certain restrictions. Thus, Magistrate Judge Shirley recommended that Plaintiff's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted.

Plaintiff made her application for disability insurance benefits and/or supplemental security income alleging disability beginning January 15, 2008. The claim was denied by the ALJ on December 8, 2010. The Appeals Council denied the Plaintiff's request for review, and Plaintiff sought judicial review of the Commissioner's decision. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., the Court has now undertaken a *de*

*novo* review of those portions of the Report and Recommendation to which Plaintiff objects. For the reasons that follow, the Plaintiff's objections will be overruled.

The ALJ found that Plaintiff has the following severe impairments: major depression with psychotic features; post-traumatic stress disorder; alcohol abuse disorder in self-reported remission; and anxiety disorder with agoraphobia. Taking these impairments into consideration, the ALJ found that Plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she could perform only simple repetitive non-detailed tasks; coworker contact should be no more than casual and infrequent; public contact should be minimal to nonexistent; supervision should be direct and non-confrontational, and changes in the workplace should be infrequent and gradually introduced. The ALJ further found that Plaintiff was capable of performing her past relevant work as a housekeeper.

Plaintiff objects to the ALJ's finding that she retained the ability to work outside the home and that absenteeism due to her mental impairments would not preclude any gainful activity. I find that the record in this case does not support Plaintiff's argument that she would miss two or more days per month as a result of her mental impairments.

Dr. Candice Blake, Psy.D. conducted a consultative examination of Plaintiff on November 11, 2008. Dr. Blake noted that Plaintiff was appropriately groomed and dressed. Plaintiff reported panic attacks and stated that she watches television with her deceased mother. Dr. Blake noted that Plaintiff appears to be confused and "living in a

fantasy world." Dr. Blake opined that Plaintiff's understanding, memory, concentration, and overall adaption abilities were moderately limited, and her ability to socially interact was highly limited. The ALJ found that Plaintiff experienced moderate limitations in her ability to perform daily activities, which is consistent with Dr. Blake's assessment.

Plaintiff's daughter completed a "Function Report" which states that Plaintiff takes care of her grandchildren; has no problem with personal care; prepares meals daily; cleans and does laundry. Plaintiff reported to Dr. Blake that she is responsible for the housework and she manages to keep it "quite clean."

Finally, Dr. Slayden completed a "Psychiatric Review Technique" and indicated that Plaintiff had only moderate limitations in her ability to perform activities of daily living. Dr. Slayden noted that Plaintiff's performance during Dr. Blake's examination "suggested some attempts to present herself in a more negative light," and Plaintiff did not seek frequent mental health treatment. Dr. Slayden opined that Plaintiff could understand, remember and carry out simple and detailed tasks; despite some difficulty, can concentrate, persist and adapt to changes; is not able to work with the general public on a consistent basis; would work better with things than people; can relate appropriately to others; and can set goals, make decisions, work independently, and travel as needed.

The ALJ obtained vocational expert (VE) testimony to assess Plaintiff's limitations on her ability to work a range of jobs. The ALJ asked the VE to assume a person with the following nonexertional limitations: Plaintiff can perform only simple, repetitive non-detailed tasks; co-worker contact should be no more than casual and

3

infrequent; public contact should be minimal to non-existent; supervision should be direct and non-confrontational; and changes should be infrequent and gradually introduced. The VE testified that Plaintiff would still be able to perform as a housekeeper, as well as other jobs such as hand packer, production machine operator, and production inspector. A VE's testimony, in response to a hypothetical question that accurately portrays a plaintiff's physical and mental impairments, provides substantial evidence in support of the Commissioner's decision that the plaintiff is not disabled. *Varley v. Secretary of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987).

There is no objective evidence and no medical proof to support Plaintiff's argument that she requires more than two absences per month due to her mental impairments. Contrary to Plaintiff's position, her previous employer completed an "Employer Questionnaire" indicating that she missed work for various reasons, including a court date and family-related issues. In addition, the employer noted that Plaintiff never had a doctor's note nor were any of her absences due to a nervous condition. The employer also noted that Plaintiff was able to maintain an ordinary work routine without supervision and that she was able to understand and carry out detailed instructions.

After a careful review of the record and the parties' pleadings, the court is in complete agreement with the Magistrate Judge's recommendation that plaintiff's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted. Accordingly, the court **ACCEPTS IN WHOLE** the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). It is **ORDERED**,

for the reasons stated in the Report and Recommendation, which the court adopts and incorporates into its ruling, that the plaintiff's motion for summary judgment [Doc. 16] is **DENIED**; the Defendant Commissioner's motion for summary judgment [Doc. 20] is **GRANTED**; the Defendant Commissioner's decision in this case denying Plaintiff's application for benefits under the Social Security Act is **AFFIRMED**; and this case is **DISMISSED.**

ENTER:

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE